### L. P. WEBB v. JOHN SELLERS AND OTHERS.

See this case for evidence which was held, as a whole, to clearly show that the Probate Court of Washington county exercised a rightful jurisdiction in ordering the sale of lands belonging to the estate of a decedent.

Also, for clerical omissions and misprisions in the proceedings had in the administration of the estate of a decedent, which were held not sufficient to invalidate the orders and judgments of such inferior tribunals, more especially after the lapse of a long period of time and in the case of an administration which appears to have been fairly conducted.

APPEAL from Fayette. Tried below before the Hon. George W. Smith.

Action of trespass to try title, brought by appellant against appellees to recover a league of land. The defendants pleaded the general denial, asserted title in themselves, and set up the statute of limitations of three years.

Both parties claimed under a grant to "Patrick Allison" from the Mexican government, dated 20th day of April, 1831. It was in proof that "Patrick Allison" died a single man; that Anne M. Allison was his sister and only heir; and that she conveyed the land in controversy to the plaintiff on the 13th day of September, 1857.

The defendants introduced a transcript of the proceedings had in the administration of the estate of Patrick Allison from the records of the County Court of Washington county, of which the following is a literal copy, with the omissions and misprisions as they appear in the transcript:

"Republic of Texas—Washington county.

"*To the Honorable the Court of Probate:*

"Your petitioner respectfully represents that his late brother, H. McCreary, deceased, did in his lifetime administer upon the vacant estate of Patrick Allison, which was not finished by my said brother. Now your petitioner prays to be recognized in the place of his said brother, deceased, and that authority be given your petitioner to take charge of the said vacant succession of P.

Webb v. Sellers.

Allison, deceased, to complete, settle and finish the same according to law, and your petitioner in duty bound will ever pray, &c.

"R. W. McCreary."

"Republic of Texas—County of Washington.

"The above petition is granted, and I do hereby order and decree that R. W. McCreery be, and he is hereby appointed in the place of H. McCreery, deceased, upon the succession of P. Allison, deceased, and that letters of authority be issued in conformity with law.

"Given under my hand, this — day of October, 1838.

"John P. Cole, Judge of Probate."

"Succession of P. Allison, deceased—Republic of Texas, Washington county.

"Know all men by these presents that we, Robert W. McCreery and William Oldham, are held and firmly bound unto John P. Cole, Judge of Probate in and for the county of Washington, and his successors in office, in the penal sum of three thousand dollars, to be paid to the said judge or his successors in office, to which payment, well and truly to be made, we bind ourselves jointly and severally, our heirs, executors and administrators, firmly by these presents, sealed with our seals, and dated the 29th day of October, 1838. And the condition of the above obligation is such that, whereas, the above bound Robert W. McCreey has this day been appointed administrator of the vacant succession of Patrick Allison, deceased; and if the said Robert W. McCreavy shall, according to the best of his knowledge and abilities conform himself to the orders of this court, and render, according to law, a regular and just statement of his proceedings as administrator of said estate, and make final settlement to this court of said administration, then the above obligation to be null and void; otherwise, to remain in full force and virtue.

"Done in the town of Washington, on the day and date above written.

"R. W. McCreery.
"William Oldham.

"Acknowledged before me, and approved 29th October, 1838.

"Robt. Merritt, Clerk P. C. W. C."

Webb v. Sellers.

"Republic of Texas—County of Washington."

"I, Robert W. McCreery, do solemnly swear that I will, according to the best of my ability and knowledge, discharge the duties of administrator of the vacant succession of Patrick Allison, deceased, to which I have this day been appointed.

"R. W. McCreery.

"Washington, 29th October, 1838.

"Sworn to and subscribed before me.

"Robert Merritt, Clerk P. C. W. C."

"Republic of Texas—Washington county.

"*To all whom these presents shall come:*

"Be it known that R. W. McKreevy having given bond and taken the oath prescribed by law, I, John P. Cole, of the Probate Court of the county aforesaid, and by these presents do appoint the said R. W. McCrary administrator of the vacant succession of P. Allison, deceased, hereby investing in said R. W. McCreevy all the powers, rights and privileges appertaining to said ———. And I sign the same according to law, affixing hereto my private seal, (having no seal of office,) in the town of Washington, this 29th of October, 1838.

"John P. Cole, Judge of Probate.

"Robert Merritt, C. P. C. W. C."

"Republic of Texas—Washington county.

"*To the Hon. John P. Coles, Esq., Judge of Probate Court:*

"The petition of Wilson R. McCreevy *de bonis non,* who was administrator of Peter Allison, respectfully represents to your honor that the whole personal property belonging to the estate of Peter Allison, deceased, has been exhausted and disposed of, and that there still remains debts due said estate to the amount of three hundred dollars and upwards; therefore your petitioner prays that the one-fourth of a league of land originally granted by the Mexican government, being on the Navidad, in Austin's colony, be exposed to public sale, four hundred dollars of which amount shall be cash down, the balance at a credit of six months. And your petitioner will ever pray, &c.

"E. Roddy, for petitioner."

"Republic of Texas, Washington County,—Probate Court.
October Term, 1838.

"Upon hearing the foregoing petition and considering the same,
it is hereby ordered and decreed, that one-fourth of the said
league of land belonging to the estate of Peter Allison, dec'd, be
sold at public auction at the courthouse in the town of Wash-
ington, after giving notice of said sale at three of the most public
places in the county of Washington, and terms of sale to be two
hundred and fifty dollars in cash at the time of the sale, and the
balance on a credit of six months, the purchaser to give bond and
security."

The clerk of the County Court of Washington, certified that
the foregoing was a true copy on file and of record in his office,
of the records and decrees thereon; that R. W. McCreery was
the administrator *de bonis non* of the estate of Patrick Allison,
deceased, and that "said administration is the only one ever opened
in Washington county on the estate of a decedent by the name of
Allison; that no estate was ever opened in Washington county on
the estate of a decedent by the name of Peter Allison, as appeared
by the records of my office;" that " the foregoing transcript com-
poses a part of the proceedings had in the estate of Patrick Alli-
son, dec'd, as appears from the original papers now on file, and
the records in my office."

A deed signed by " R. W. McCreery," reciting that R. W. Mc-
Creery, administrator of the estate of H. S. D. McCreery,
deceased, who was the administrator of the estate of Patrick
Allison, " by virtue of an order of the County Court, had on the
13th day of October, 1838, sold a quarter of the league of land
in controversy; that James R. Cook become the purchaser for one
thousand and twenty-two dollars.  Then followed the conveying
clause, and a warranty against the heirs of " Patrick Allison."

It was admitted that defendants claimed by regular mesne con-
veyances duly recorded, from " R. W. McCreery," claiming to be
the administrator *de bonis non* of the estate of Patrick Allison.
The clerk of the County Court of Washington, proved in substance
the facts set forth in his certificate to the transcript.  A jury was
waived; the cause was submitted to the court; a judgment was

rendered, that the plaintiff "take nothing," from which he appealed, and assigned for error, that "the judgment was contrary to law and evidence."

*W. G. Webb*, for appellant.

*Tate & Shropshire*, for appellees.

BELL, J.—We are of opinion that the court below did not err in adjudging that the plaintiff should take nothing by his suit. The evidence as a whole, shows very clearly, we think, that the Probate Court of Washington county exercised a rightful jurisdiction in ordering the sale of the land in controversy, for the payment of debts due by the estate.    It is clearly enough shown that all the orders of the Probate Court relating to the matter in controversy were made in the course of the administration of the estate of Patrick Allison, and that R. W. McCreery was appointed administrator *de bonis non* of the estate of Patrick Allison, after the death of H. McCreery, the former administrator.    The administrator *de bonis non*, is sometimes named in the proceedings of the Probate Court as R. W. McCreery; sometimes he is called Robert W. McCreary ; once he is called Wilson McCreevy ; once he is called Wilson R. McCreery, and in the deed to the purchaser of the land, at the administrator's sale, he is called in one place H. W. McCreery, as appears from the transcript before us.    But it is plain that the same person speaks and is spoken of, by these different appellations.    So in speaking of the intestate, Allison, he is sometimes called Patrick Allison; once at least he is called P. Allison, and sometimes he is called Peter Allison, but it is reasonably certain that the same person is all the while intended; and that that person was the intestate whose estate was being administered.    The objections that are taken by the counsel for the appellant, to the proceedings of the Probate Court of Washington county, are, for the most part, founded upon clerical omissions and misprisions that cannot be held sufficient to invalidate the orders and judgments of such inferior tribunals, more especially

after the lapse of a long period of time, and in the case of an administration which appears to have been fairly conducted. The judgment of the court below is affirmed.

Judgment affirmed.